*CV-12 0811*

*SUMMONS ISSUED*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 17 2012 ★

LONG ISLAND OFFICE

**KUNTZ, J.**

**MANN, M.**

---

YISROEL KATZOFF
on behalf of himself
and all similarly situated consumers

        Plaintiff,

    -against-

BUREAU OF COLLECTION RECOVERY LLC

        Defendant.

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Yisroel Katzoff seek redress for the illegal practices of Bureau of Collection Recovery LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y 2006) (found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b) Debt collectors should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters).  Defendant has blatantly ignored the

-1-

suggestion of Judge Karas in the *Foti* case and contacted the plaintiffs as is set forth below. Plaintiff also includes claims under the Telephone Communications Privacy Act.

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiffs is a consumer debt.

4. Defendant's principal place of business is located in Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect alleged consumer debts from the plaintiff.

10. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

11. The defendant contacted plaintiff Yisroel Katzoff and left messages on August 26, 2011, August 29, 2011 and September 2, 2011.

-2-

12.   During each of these messages, the defendant failed to set forth that the communication
      is from a debt collector and failed to set forth the name of the defendant.

13.   The said telephone message is in violation of the Fair Debt Collection Practices Act, 15
      U.S.C. §§ 1692d(6), 1692e(10) and 1692e(11).

14.   The said message was left at a wireless number where the plaintiff was charged for the
      call.

15.   Defendant caused plaintiff to incur charges for defendant's collection communications
      when plaintiff had no reason to know the communication's purpose.

16.   Defendant was prohibited from placing a call that will cause a charge to plaintiff without
      having notified plaintiff to expect it and without having announced its collection
      purpose.

17.   The said telephone messages are in violation of the Fair Debt Collection Practices Act,
      15 U.S.C. § 1692f(5).

18.   On over 35 occasions within the one year immediately preceding this action,
      defendant telephoned the Plaintiff and utilized machinery that falsely indicated to the
      Plaintiff that the telephone call was coming from someplace within the (914) telephone
      area code.

19.   When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely
      indicated that the call was originating from some place within the (914) area code.

20.   The Defendant representatives were not located within the (914) area code when
      calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did
      not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted

to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

21.   The Defendant's use of this machinery was deceptive in that the Defendant does not reside or have offices within the (914) area code.

22.   The defendant's actions violate 15 USC 1692e; 15 USC 1692e(10); 15 USC 1692e(14); 15 USC 1692d; 15 USC 1692d(6); and 15 USC 1692f. "

23.   Said tampering is a violation of the FDCPA. *See FTC v. EMC Mortgage Corp. et. al.* (USDC-EDTX –Sept. 9, 2008). ". . .in numerous instances, EMC has made collection calls using cell phones that display only the borrower's local area code on the borrower's caller identification display ("caller ID"), and without identifying its name on the caller ID. EMC has used cell phones and caller ID in this fashion notwithstanding that EMC was not calling from the borrower's local area code. -- See also The 2008 FTC Workshop Report "Debt collectors who convey false or misleading information (either telephone numbers) to consumers through Caller ID violate the FDCPA and Section 5 of the FTC Act. Prior private actions indicate that a debt collector who makes a false or misleading representation in this context violates the FDCPA. The Commission has affirmed that this practice violates both the FDCPA and Section 5.")

24.   The Defendant's automatic telephone dialer system contains a function that projects a false caller ID number onto the callee's Caller ID unit.

25.   The Defendant utilized this dialer function and projected a false caller ID number onto the Plaintiff's Caller ID display. The number projected began with a (914) area code and

-4-

was projected by Defendant's dialer to give the Plaintiff the false impression that the Defendant was located physically close to the Plaintiff.

26. Upon information and belief, Bureau of Collection Recovery LLC used its Dialer to dial plaintiff's wireless phone number for each of those calls.

27. Bureau of Collection Recovery LLC manipulated the caller ID for these calls and calls that were dialed manually.

28. For some of the calls, Bureau of Collection Recovery LLC manipulated the caller ID so that it showed that the call was coming from New York.

29. For each of these calls, the second line of the caller ID indicated that the calls were coming from the 914 area code, which is a local area code.

30. Upon information and belief, Bureau of Collection Recovery LLC does not have any offices within the geographical 914 area code.

31. Upon information and belief, Bureau of Collection Recovery LLC does not have any dialer located in New York

32. Many of the phone messages left failed to identify Bureau of Collection Recovery LLC, such that plaintiff did not know what entity was calling.

33. The following are some of the different numbers the caller ID saw. (914) 401-4609, (914) 301-4393, (914) 861-4611, (914) 861-4742, (914) 861-4871 and (914) 861-4163.

34. The defendant's actions violate 15 USC 1692e; 15 USC 1692e(10); 15 USC 1692e(14); 15 USC 1692d; 15 USC 1692d(6); and 15 USC 1692f.

35. During one telephone call, on August 24, 2011, a representative of Bureau of Collection Recovery LLC called and spoke to plaintiff's brother.

36. The collector asked plaintiff's brother to give a message to plaintiff that Kurt from Bureau of Collection Recovery LLC called and to have plaintiff return the call to 877-788-1070 extension 4353 the representative from Bureau of Collection Recovery LLC also asked plaintiff's brother to relay to plaintiff that the call is in regard to account number 71343308.

36. The said communication is unlawful under the FDCPA and in direct violation of Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006)

37. Said practice is in violation of the FDCPA based upon the following case law.


See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 ruled that this was a violation of 1692b, 1692c (b), and 1692d.

(a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have

 plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania

 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that


-6-

reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting

West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("'Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(contact with a thrid party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter". stated a claim under § 1692c (b)

finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

And finally the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - Judge Karas in Foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C. 1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id. "Based on these definitions,

the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id. This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 based on the reasoning in West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

38.   The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692e(10) and 1692e(11).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Yisroel Katzoff on behalf of himself and the members of a class, as against the defendant.*

39.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-38 as if set forth fully in this Cause of Action.

40.   This action is brought on behalf of plaintiff and the members of four classes.

41.   Class A consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692e(11) and 1692e(10).

42.   Class B consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a service where the consumer was charged for the call, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

43.   Class C consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone caller

ID was manipulated to give the false impression that the call originated from New York, and (c) that the telephonic attempt was in violation 15 U.S.C. § 1692e and 1692e(10).

44.   Class D consists of all persons whom Defendant's records reflect resided in New York and were left numerous telephonic messages or attempts from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone calls were an attempt to harass and annoy the consumer, and (c) that the telephonic attempts were in violation 15 U.S.C. § 1692d.

45.   Class E consists of all persons whom Defendant's records reflect resided in New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

46.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages and attempts are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

-11-

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

47.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

48.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

49.     Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

-12-

*Violations of the Fair Debt Collection Practices Act*

50.   The actions of the defendant violate the Fair Debt Collection Practices Act.

51.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the classes are entitled to damages in accordance with the Fair Debt Collection Practices Act.

## AS AND FOR A SECOND CAUSE OF ACTION

***Violations of the Telephone Consumer Protection Act brought by plaintiffs***

52.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

53.   The defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by initiating 36 telephone calls to the plaintiff's wireless telephone numbers using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

54.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant also without having included the proper name of the defendant or any name for that matter.

55.   There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the wireless telephone number at issue.

56.   Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

57.   Plaintiff asserts that since the violations were made intentionally or recklessly that the
      violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

58.   All actions taken by Defendant were taken with malice, were done willfully, recklessly
      and/or were done with either the desire to harm Plaintiff and/or with the knowledge that
      its actions would very likely harm Plaintiff and/or that its actions were taken in violation
      of the TCPA and/or that knew or should have known that its actions were in reckless
      disregard of the TCPA.  Courts have found collection agency's have willfully or
      knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using
      a pre-recorded voice, regardless of whether it knew it was violating the law.
      *(Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

59.   The defendant has repeatedly violated the TCPA by failing to leave the legal name of
      the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R.
      64.1200(b)(1) states:

      "(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or
other entity that is responsible for initiating the call. If a business is responsible for initiating
the call, the name under which the entity is registered to conduct business with State
Corporation Commission (or comparable regulatory authority) must be stated. The FCC
further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the
legal name under which the business, individual or entity calling is registered to operate.

-14-

The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

60. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

61. Defendant has repeatedly violated the TCPA by the calls made to plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

62. In addition, on or about many occasions, the defendant contacted the plaintiff where the defendant disguised the caller ID so that it showed that the call was from an unidentified 914 number.

63. In December 2010 Congress passed the Truth in Caller ID Act of 2009 amending Section 227 (TCPA) of the Communications Act of 1934 (See Pub L No 111-331 2010 47 U.S.C 227(e) prohibition on provision of deceptive caller ID information) The Truth in Caller ID Act of 2009 makes it unlawful for any person to transmit misleading or inaccurate caller ID information with the intent to defraud or deceive The legislation was an attempt to prevent spoofing and to address fraudulent phone calls, credit card fraud and identity theft and protect legitimate use of caller ID (See 156 Cong. Rec. H8376, H378 - Dec 15 2010) Under the amendment violators are subject to civil forfeiture penalties totaling up to $1,000,000 and criminal fines which can be combined with

-15-

imprisonment (47 U.S.C 227(e)(5), 501) .

The ACA International's General Counsel has acknowledged that the Truth in Caller ID Act applies to third-party debt collectors, creditors, and asset buyers as well as any other individual who may manipulate caller ID information (See Valerie Hayes ACA s Angle New Truth in Caller ID Act Brings Important Changes for Companies That Call Consumers (Feb, 8, 2011) http://accountsrecovery.net/profiles/blogs/acas-angle-new-truth-in-caller.

Although the truth in caller Id act does not explicitly provide for a private cause of action, a private cause of action against service providers is available to individuals for violations of the Act under 227(e) in conjunction with 207 of the Communications Act of 1934 See 47 U.S.C. 207 (any person who claims to be damaged under Chapter 5 of the Title 47, the Communications Act of 1934, may file a complaint with either the FCC or a federal district court to pursue damages).

### *Violations of the Telephone Communications Privacy Act*

64.     The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiffs as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

-16-

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

> With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

65. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

66. Defendant has repeatedly violated the TCPA by the calls made to plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act and for caller ID manipulation.

67. The actions of the defendant violate the TCPA.

68. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION

### *Violations of New York General Business Law § 349 brought by plaintiffs*

69.   Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing

     paragraphs as if set forth fully in this Count.

70.   Under New York General Business Law § 349, deceptive acts or practices in the

     conduct of any business conducted in the State of New York are unlawful.

GBL § 349 provides in relevant part as follows:

71.   A. Deceptive acts or practices in the conduct of any business, trade or commerce or in

     the furnishing of any service in this state are hereby declared unlawful.

72.   H. In addition to the right of action granted to the attorney general pursuant to this

     section, any person who has been injured by reason of any violation of this section may

     bring an action in his own name to enjoin such unlawful act or practice, an action to

     recover his actual damages or fifty dollars, whichever is greater, or both such actions.

     The court may, in its discretion, increase the award of damages to an amount not to

     exceed three times the actual damages up to one thousand dollars, if the court finds the

     defendant willfully or knowingly violated this section.

73.   The court may award reasonable attorney's fees to a prevailing plaintiff.

74.   Defendant's actions as detailed above violate the New York General Business Law

     Section 349 et seq. in that the Defendant, Bureau of Collection Recovery LLC utilized

     machinery that falsely indicated to the Plaintiff that the telephone call was coming

     from someplace within the (914) telephone area code.

75. When the Defendant telephoned the Plaintiff, the Plaintiffs "caller ID" unit falsely indicated that the call was originating from some place within the (914) area code.

76. The Defendant representatives were not located within the (914) area code when calling.

77. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

78. Defendant is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year. As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

79. The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy and acting unfairly and deceptively towards plaintiff.

80. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from telephoning the Plaintiff and New York consumers, and causing deceptive information to appear on the Plaintiff's caller ID unit.

81. By unlawfully pretending that defendants were in a (914) area code when calling, Defendant's have committed materially misleading unfair and deceptive consumer-oriented acts that have caused Plaintiff to suffer actual injury in the form of emotional distress.

82. Upon information and belief, Defendants regularly utilize deceptive practices as described above in an attempt to collect consumer debts.

83.    Defendants' actions have a broad impact on New York consumers at large.

84.    As a direct and proximate result of Defendants' deceptive acts and practices, committed

in willful and knowing violation of GBL §349, Plaintiff was damaged in that he, among

other things, suffered stress and anxiety as a result of Defendant's deceptive collection

practices.

85.    Defendant is liable to Plaintiff for violations of GBL § 349.

WHEREFORE, Plaintiff respectfully request that judgment be entered against the defendant for

the following:

        1. An injunction as described herein;

        2. Actual damages;

        3. Statutory damages;

        4. Costs and reasonable attorney's fees;

        5. For such other and further relief as the Court may deem just and

        proper.


        Dated: Cedarhurst, New York
               February 16, 2012



                    Adam J. Fishbein, P.C. (AF-9508)
                    Attorney At Law
                    **Attorney for the Plaintiff**
                    483 Chestnut Street
                    Cedarhurst, New York 11516
                    Telephone (516) 791-4400
                    Facsimile (516) 791-4411



                            -20-

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)